**CITY OF WEST PALM BEACH, a municipal corporation, of the State of Florida, Palm Beach County, and K. W. ROWAN, as Inspector of Buildings for said Respondent, City of West Palm Beach, v. STATE OF FLORIDA, ex rel., T. E. DUFFEY.**

30 So. (2nd) 491                                   January Term, 1947
May 6, 1947                                        En Banc

*Ernest Metcalf,* for appellant.

*James Nemec,* for appellee.

BARNS, J.:

Appellee sought a building permit from the Building Inspector of the City of West Palm Beach which was refused whereupon the appellee brought mandamus proceedings to compel issuance of such permit. From a peremptory writ of mandamus directing the issuance of the permit by the City and its Building Inspector, they appeal.

According to the answer of the appellants to an alternative writ of mandamus the basis for its refusal of a permit was as follows:

" . . . an examination of the plans and specifications showed, among other defects, that the building would contain only five small rooms, whereas every other home in the

subdivision contained from seven to nine rooms; . . . because the department "cubed" the building, using the rate set out by ordinance for this purpose, and found that the cost of the building would approximate Five Thousand, Five Hundred Dollars ($5,500.00); because it was found upon examination of the plans submitted that the complete dwelling would not be of the intended character of appearance of the subdivision in which it would be located; because it would not substantially equal the adjacent buildings in square foot area, appearance or in height or in any other manner; . . . because the proposed building would not equal or compare favorably with any other residence in the general neighborhood over which this respondent has or has had any control in the issuing of building permits, as to size, appearance, costs or other characteristics."

The appellee seems to have met all the lawful requirements of the City Zoning Ordinance No. 76 unless it be that he has not met the standards of Section 9 of Ordinance No. 76 as follows: ·

" . . . Further, the character and appearance of existing buildings or structures in said subdivision shall be considered, but in every new instance the completed appearance of every new building or structure must substantially equal that of the adjacent buildings or structures in said subdivision in appearance, square foot area and height."

Zoning is an exercise of police power and ordinarily the exercise of such power in zoning has relation to structural qualities and the use of structures when considered in reference to the protection of health, welfare, safety and morals of the public. When regulations are to be imposed in order to promote health, welfare, safety and morals it is necessary that exactions be fixed in the ordinance with such certainty that they not be left to the whim or caprice of the administrative agency and the ordinance must have some relation to a lawful purpose—to promote health, welfare, safety and morals. We hold the quoted portion of the Ordinance void.

We find no error and the judgment appealed is affirmed.

THOMAS, C. J., BUFORD, CHAPMAN and ADAMS, JJ., concur.