65 So.2d 861 (1953)
MERRITT
v.
PETERS et al.
Supreme Court of Florida, en Banc.
June 2, 1953.
Rehearing Denied July 10, 1953.
Robert F. Underwood, Knight, Smith & Underwood, Miami, for appellant.
Hudson & Cason, Miami, for appellees.
THOMAS, Justice.
The appellant's property, situated in Dade County, was placed by the county commissioners in a zone designated as "B U 2," where, to quote from the stipulated facts, "limited and special business may be conducted, including motels."
*862 Under the authority granted by Chapter 17833, Laws of Florida, Acts of 1937, the commissioners adopted certain regulations governing the erection of commercial signs in the territory among which was one that these signs should not be larger than forty square feet. Notwithstanding this specification the appellant erected on his property a sign more than four times that size. A real controversy then arose between the appellant and appellees so this suit was instituted by the former to secure a determination of the constitutionality of the rule which interfered with the use of property by dictating to owners the maximum area of the sign boards they could erect.
The appellant insists that the regulation was an arbitrary and unreasonable exercise of the police power by the county because there was no relationship between the object of the rule, and the health, safety, morals or general welfare of the public. He frankly recognizes the authority of the county to create a zoning commission to promulgate reasonable regulations "with respect to the * * * size and dimensions of sign boards and bill boards * * *" and he does not question the overall zoning plan adopted pursuant to legislative enactment. His argument proceeds plausibly toward the elimination, one by one, of the familiar elements warranting the exercise of the police power in zoning, i.e., public health, morals, safety and welfare.
We have no hesitancy in agreeing with him that the factors of health, safety and morals are not involved in restricting the proportions of a sign board, but we disagree with him in his position that the restriction cannot be sustained on aesthetic grounds alone. In City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364, we think we decided the point contrary to the appellant's view. We held in that case that attractiveness of a community like Miami Beach was of prime concern to the whole people and therefore affected the welfare of all. We think the principle applies to the territory across the bay where the appellant's property is situated. All in the area are regulated alike in the use of their property in constructing signs; all will profit if all obey; all will suffer if none is restricted.
We must hold that although safety, morals and health of the general public in the territory do not demand the restriction, the general welfare does and that the chancellor ruled quite correctly when he dismissed the bill of complaint seeking to restrain enforcement of the regulation on the ground that it was a violation of the plaintiff's constitutional rights.
Affirmed.
ROBERTS, C.J., and TERRELL, SEBRING, MATHEWS and DREW, JJ., concur.
BARNS, J., dissents.
BARNS, Justice (dissenting).
Appellant-plaintiff sued in equity the appellees-defendants as County Commissioners and the Zoning Director seeking an injunction against the enforcement of zoning regulations promulgated pursuant to Chapter 17833, Laws of 1937.

Facts
Appellant operates a motel and has erected a sign upon his property having an area of 168 square feet. The zoning regulations prohibit signs in excess of 40 square feet in area. Appellant contends that the regulation is arbitrary and capricious and not within the bounds of the police power. The Chancellor upheld the zoning regulation, hence this appeal.
The regulations require a sign to be constructed to meet the requirements of the Miami Building Code and from the pleadings and stipulation between the parties, it will be inferred that quality of the structure complies with the Building Code specifications.
The motel is situated on a straightaway thoroughfare that functions as a principal traffic artery leading to the North. It is set back 18 feet from the highway. Other like property is used for filling stations, coffee shops, real estate office, other motels and commercial advertising. The commercial advertising signs have been zoned out, but continue as a non-conforming use.

*863 Conclusions
The point in question is whether the zoning of appellant's property, in the manner stated, is well founded for the purpose of promoting or protecting the public health, safety, morals or welfare and does not unreasonably interfere with private use of property.
Regulations under the police power which have for their object the protection of public health, safety, morals or welfare are basically sound in law when there is a rational relationship between the exactions and the object sought to be accomplished and are not unreasonable and oppressive. 37 Am.Jur. 807.
In the case of Anderson v. Shackleford, 74 Fla. 36, 76 So. 343, L.R.A. 1918A, 139, it was held that any doubt as to the extent of a power to be exercised which may affect the common-law right of a citizen should be resolved against the exercise of the power, and that esthetic tastes was not a reasonable basis for the exercise of the police power. Furthermore  in Stengel v. Crandon, 156 Fla. 592, 23 So.2d 835, 837, 161 A.L.R. 1228, it was stated:
"As we have remarked, it is not our privilege or our purpose to substitute our judgment for that of the legislative body; however, if the `restrictions are so unnecessary to the general welfare of the inhabitants that the curtailment of the rights of the (owner) are unreasonable and arbitrary' the situation is subject to judicial inquiry, for `such restrictions must find their basis in the safety, health, morals or general welfare of the community.'"
Zoning is an exercise of police power and ordinarily the exercise of such power in zoning has relation to structural qualities or the use of structures when considered in reference to the protection of health, welfare, safety and morals of the public. When regulations are to be imposed in order to promote health, welfare, safety or morals it is necessary that the exactions of the regulation be stated with such certainty that they not be left to the whim or caprice of the administrative agency; also, the ordinance must have some relation to a lawful purpose  to promote health, welfare, safety or morals. See City of West Palm Beach v. State ex rel. Duffey, 158 Fla. 863, 30 So.2d 491.
When a regulation has no substantial relation to the public needs within the police power and at the same time restricts the use of private property such regulation must fall. The regulation fixing the size of a sign, based solely on esthetic considerations, the violation of which regulation is made a criminal offense, as in this case, is an unreasonable exercise of the police power as applied to the stated facts.
Signs in the zone are not prohibited. The zone is a business and not a residence zone. The sign meets with regulations as to structural safety. It seems that the regulation unreasonably interferes with the use by the appellant of his own property since it fails to protect or promote a public need within the scope of the police power.
It has been advanced that City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364 (per Justice Thomas) is authority for holding that "aesthetic grounds alone" are sufficient grounds for the application of the police power, but a reading of the case does not bear this out. The case involved the restricted "use" of property at the intersection of Lincoln Road and Collins Avenue of Miami Beach. The Zoning Ordinance restricted the "use" of the property involved to hotels and apartments. The decision was in 1941 and the Court held the ordinance to be valid and reversed the Chancellor.
The ordinance involved in the foregoing case restricted the "use" of the property to hotels and apartments, but did not attempt to regulate the aesthetic qualities of the hotels and apartments. We find no decisions of this Court holding "aesthetic grounds alone" to be sufficient in law to warrant the exercise of police power over a property owner in the use of his property.
One difficulty to be encountered if we should recognize that the police power may be exercised to solely promote or protect aesthetic qualities is that such qualities are not capable of being tested by any known standards. The word "aesthetic" was first used by Baumgarten about 1750, *864 to designate the science of sensuous knowledge, the goal of which is beauty, in contrast with logic, whose goal is truth. See Webster's New International Dictionary.
The decree appealed should be reversed for such further proceedings as may be appropriate not inconsistent herewith.