## TOWN OF SURFSIDE v. KAIN.

Circuit Court, Dade County, Criminal Appeal.

February 6, 1957.

Harry Arthur Greenberg, Miami Beach, for appellant.

Leroy Levy, Miami Beach, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

The appellant challenges the reasonableness and constitutionality of an ordinance by which the appellee town seeks to regulate and control the size of exterior signs on buildings in the business area of the municipality. The area of a sign permissible under the ordinance is dependent on the frontage of the property on which the building is located. The ordinance provides that "the total area of exterior signs of any building . . . shall be limited to one square foot for each running foot of frontage of the lot or portion of lot upon which the operating enterprise is located," but it is further provided that "in no case shall the maximum sign area be less than twenty-five square feet."

The frontage of the lot or portion of lot on which the appellant's place of business is located, as well as the frontage of the building in which his business is conducted, is twelve and one-half feet. The ordinance, therefore, restricts the size of an exterior sign on the building to twenty-five square feet.

The appellant was prosecuted and convicted in the court below because he maintains on his business building a sign which exceeds twenty-five square feet in size or area.

The appellee town admits that aesthetic considerations alone led to the adoption of the challenged ordinance; and the principal question presented on this appeal is whether the municipal regulation can be sustained on aesthetic grounds alone.

Such question is affirmatively answered by the opinion and decision of our Supreme Court in Merritt v. Peters et al., 65 So. 2d 861 (decided in 1953).

Other questions raised do not, in my opinion, warrant discussion.

The judgment appealed from is affirmed because of the governing opinion and decision in the cited case.