William R. BANKS, Appellant,

v.

The FAYETTE COUNTY BOARD OF AIRPORT ZONING APPEALS et al., Appellees.

Court of Appeals of Kentucky.

May 16, 1958.

John B. Breckinridge, Lexington, for appellant.

Sturgill, Moreland & Turner, Armand Angelucci, John R. Cook, Jr., R. P. Moloney, Jr., Lexington, for appellees.

CULLEN, Commissioner.

The Fayette County Board of Airport Zoning Appeals denied the application of William R. Banks for a permit to construct a motel on farm land owned by him adjoining U. S. Highway No. 60 approximately one mile from the Blue Grass Airport in Fayette County. Banks appealed to the circuit court, which entered judgment upholding the board. Banks has appealed to this Court from that judgment.

Under authority of KRS 183.750 to 183.758, the fiscal court of Fayette County had adopted airport zoning regulations governing the area within a two-mile radius of the terminal building of the Blue Grass Airport. Primarily, the regulations dealt with *height* of structures and objects of natural growth within this area, and with land uses that would create electrical or visual interferences in the landing, taking off or maneuvering of aircraft. However the regulations contained the further provision that no use could be made of any property within the prescribed area "which does not conform to the rules and regulations of the zone laws of the City of Lexington-Fayette County which is known and classed as 'Residence B.'"

There is no contention that the proposed motel would violate the regulations dealing with height or with electrical or visual interference. The permit was denied solely because the motel would not be within the "Residence B" classification of the Lexington-Fayette County zoning regulations (prescribed by joint action of the fiscal court of the county and the board of commissioners of the city, under KRS 100.320 to 100.490).

The "Residence B" classification in the city-county zoning regulations, as they existed when the airport zoning regulations were adopted, excluded buildings or structures to be used for commercial purposes, but included apartment houses and hospitals or sanitariums.

The airport zoning law, KRS 183.750 to 183.758, authorizes zoning for the purpose of eliminating "airport hazards," which are defined in KRS 183.750 as meaning "any structure, object of natural

growth, or use of land, which obstructs the air space required for the flight of aircraft in landing or taking off at any airport or is otherwise hazardous to such landing or taking off." Obviously, only such regulations are authorized as have a reasonable relation to the accomplishment of the specified purpose.

On its face, the provision of the airport zoning regulations attempting to limit structures to those coming within the "Residence B" classification has no relation to the purpose of eliminating airport hazards, and is unreasonable, arbitrary and capricious. The appellees argue that congestions of people in an airport area increase the danger of personal injury and loss of life from the crash of an aircraft, and that it is a proper purpose of airport zoning to eliminate places of possible congestion, such as a motel. This argument has no merit because the regulation in question permits apartment houses and hospitals, which might accommodate more people than a motel. The simple fact is that the "Residence B" classification is not intended to eliminate congestions of people, but rather to forbid *commercial* uses. There is no suggestion of any reason why a commercial use of land, in and of itself, may be considered as creating an airport hazard.

It is our opinion that the regulation restricting land uses to those in the "Residence B" classification is illegal and void, and since the zoning board relied solely on that regulation in denying a permit to the appellant the order of the board should be set aside with directions that the permit be granted.

█ The appellant also has sought to bring in question the validity of an "emergency" resolution of the fiscal court of Fayette County, adopted April 19, 1957, purporting to declare that all of Fayette County is within the "municipal area" of the City of Lexington and therefore subject to the zoning power of the city-county planning and zoning commission under KRS 100.320 to 100.490. This resolution had the ultimate effect of placing the appellant's land in an "Agricultural" classification. Motels are permitted in this classification if certain specified conditions exist.

The appellant did not make any application to the city-county zoning authorities for a permit; his dealings were with the airport zoning officials. However, upon his appeal to the circuit court from the order of the airport zoning board, he joined as defendants the fiscal court, the city, the city-county planning and zoning commission, and the city-county board of adjustment, and he asked for a judgment declaring his property not to be subject to the jurisdiction of the city-county zoning commission. The circuit court declined to make a declaration on this question, saying that it was unnecessary to do so in view of the court's holding that the appellant was effectively precluded from building his motel by reason of the airport zoning regulations.

In American Sign Corporation v. Fowler, Ky., 276 S.W.2d 651, this Court held that under the city-county zoning statutes applicable to Lexington and Fayette County, which authorize zoning within the "municipal area" of the city, only such area outside the city could be zoned as in the reasonably foreseeable future might be annexed to the city. Appellant's property is located a little more than three miles from the city limits of Lexington. A question of fact may exist as to whether this is within the "municipal area" as defined in the Fowler case.

A further question of fact may exist as to whether the conditions surrounding the appellant's property are such that he could obtain a permit for a motel even though his land is in an "Agricultural" classification zone.

The appellant has made no effort to secure a permit from the city-county zoning authorities through the established procedures. For this reason, and because of the possible questions of fact above mentioned, we think it is not appropriate in this

action for the court to make any declaration concerning the question of whether the appellant's land is subject to the city-county zoning regulations.

In order to avoid any ground for misunderstanding, we will state that our holding that the appellant is entitled to a permit from the airport zoning authorities does not mean that he can proceed to construct his motel. The question of whether he must or can obtain a permit from the city-county zoning commission remains to be determined.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.