114 So.2d 225 (1959)
TOWN OF BAY HARBOR ISLANDS, Florida, Appellant,
v.
Morris S. BURK and Walter Troutman, Appellees.
No. 58-374.
District Court of Appeal of Florida. Third District.
August 18, 1959.
Rehearing Denied September 4, 1959.
*226 Keen, O'Kelley & Spitz, Tallahassee, and Lewis Horwitz, Miami Beach, for appellant.
Schwarz & Zinn and Bart L. Cohen, Miami, for appellees.
PEARSON, Judge.
This is an appeal from a final decree determining a zoning ordinance of the *227 Town of Bay Harbor Islands, Florida to be invalid, as it affects four lots in said municipality. The ordinance in question restricted the use of lots in a designated district by limiting the height of buildings in that district to four stories. The complaint alleged:
"The said Zoning Ordinance No. 108 as applied to the plaintiffs' real property hereinabove described, is an arbitrary, unreasonable, oppressive, discriminatory and confiscatory exercise of the police power of the defendant, contrary to the rights of the plaintiffs under the Constitutions of the State of Florida and the United States and the said ordinance as applied to the plaintiffs' property bears no reasonable relationship to the health, safety, morals or general welfare of the public: that the said ordinance prohibits and deprives the plaintiffs from the highest and best use of their said property, namely, the RE use as presently permitted and described under the said zoning ordinance but with the right of the plaintiffs to erect a building thereon taller than four stories in height."
After trial of the cause the court decreed:
"That without determining said Ordinance No. 108 of the Town of Bay Harbor Islands, Florida, to be invalid per se, nevertheless, under the factual situation herein found by this Court to exist as alleged in the plaintiffs' bill, said Ordinance No. 108 in its application to the plaintiffs' land is herein found to be discriminatory, arbitrary, confiscatory and unreasonable and also denies to the plaintiffs due process of law and equal protection of the law provided by Article XIV, Section 1 of the Amendments to the Constitution of the United States, and Sections 1 and 12 of the Declaration of Rights of the Constitution of Florida, and is invalid, void and unreasonable by the defendant as to or against the plaintiffs.
"That the defendant be and it is herein permanently enjoined from enforcing or attempting to enforce Ordinance No. 108 against the plaintiffs."
From this decree the Town appeals and under appropriate assignments of error argues that the evidence before the chancellor was insufficient to support the finding that the ordinance is invalid as applied to the property of the plaintiffs. Although, recognizing that an appellate court in testing the sufficiency of the evidence to support a finding of the chancellor will view the evidence in the light most favorable to the appellee. (Carolina Lumber Co. v. Daniel, Fla.App. 1957, 97 So.2d 156) we nevertheless hold there is no evidence that the application of the zoning ordinance to the plaintiff's property is particular or peculiar in any way to that property or distinguished from other property covered by the same provision of the ordinance of which complaint is made. See Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642. Cf. Elwyn v. City of Miami, Fla.App. 1959, 113 So.2d 849.
Zoning as applied to the height of buildings is an exercise of the police power. The height limitation must be specific and must promote the health, welfare, safety, and morals of the public in order to be valid and withstand an attack upon it as an unwarranted exercise of that power. See City of West Palm Beach v. State, 158 Fla. 863, 30 So.2d 491. Or stated more generally, a statute or ordinance varying the maximum height of buildings according to the portion of the city in which the building is located is valid and constitutional if it is well calculated to promote the general and public welfare. Welch v. Swasey, 214 U.S. 91, 29 S.Ct. 567, 53 L.Ed. 923.
But we, in this appeal, are not presented with an attack upon the validity of the ordinance because of a lack of certainty *228 which left the standard to be exacted to the whim and caprice of an administrative agency, as in the case of City of West Palm Beach v. State, supra. The chancellor expressly refused to find, upon the evidence presented to him, that the ordinance was invalid. His finding was only that its application to the plaintiffs' property was discriminatory, arbitrary, confiscatory and unreasonable. The evidence to afford a substantial basis for such a finding must show that the application of the zoning ordinance has the effect of completely depriving an owner of the beneficial use of his property by precluding all uses or the only use to which it is reasonably adapted or that the ordinance infringes upon constitutional guarantees by invading personal or property rights unnecessarily or unreasonably. Forde v. City of Miami Beach, supra. Cf. Wilkins v. City of San Bernardino, 29 Cal.2d 332, 175 P.2d 542; La Salle National Bank of Chicago v. City of Chicago, 5 Ill.2d 344, 125 N.E.2d 609.
The record reveals a great deal of testimony as to whether the ordinance in question is wise or unwise. In addition the plaintiff offered the opinion of an expert witness that the restrictions contained in the ordinance are "unreasonable". Such a conclusion is not binding upon the court. It is to the facts presented by the evidence to which we must look, and these facts establish only that the wisdom of the legislative body enacting the ordinance may be debatable. When an ordinance may be said to be fairly debatable, the court should not substitute its judgment for that of the city council. City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148; Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108. The decree is therefore reversed.
Reversed.
HORTON, C.J., and CARROLL, CHAS., J., concur.