181 So.2d 707 (1966)
June NEUBAUER and Clemence Bellman, Appellants,
v.
TOWN OF SURFSIDE, Appellee.
No. 65-92.
District Court of Appeal of Florida. Third District.
January 11, 1966.
*708 Louis Vernell, Miami Beach, for appellants.
Frank J. Kelly, Miami, for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and SWANN, JJ.
HENDRY, Chief Judge.
This is an appeal from a final decree determining a zoning ordinance of the Town of Surfside, Florida to be valid and a portion of another zoning ordinance to be invalid as applied to the subject property. The Code of Ordinances, Town of Surfside § 18-22, which restricts the use of said property to multiple-family and hotels was found to be a reasonable and proper exercise of legislative discretion; while § 18-36 (b) (1) of the same code which restricts construction on the property to a height not exceeding two stories was declared to be unreasonable, arbitrary, confiscatory and contrary to the 14th amendment of the Constitution of the United States and §§ 1 and 12 of the Declaration of Rights under the Constitution of the State of Florida, F.S.A.
The appellants contend that the decree of the chancellor is in error because it has the effect of completely depriving them of the beneficial use of their property by precluding the only use to which it is reasonably adapted  the only use allegedly being a gasoline service station. The appellant also contends that the chancellor erroneously declared the height restriction imposed upon the subject property to be invalid since this issue was never before the lower court and because this ruling conflicts with a decision of this court.[1]
The property in question is described as lots 1, 2, 3, 4 and 5 in Block 4-A of the second amended plat of Normandy Beach, Town of Surfside. It comprises a threesided triangular shaped block which forms a portion of the southern boundary of the appellee-municipality; such block fronting upon 87th Terrace on the south, Harding Avenue on the west, with 88th Street and a portion of Collins Avenue forming its northeast boundary line. Collins Avenue *709 and Harding Avenue are the main arteries of north and south bound traffic and have a high incidence of traffic.
The appellants rely upon Town of Surfside v. Normandy Beach Development Co.,[2] wherein the Supreme Court held that the evidence supported the chancellor's conclusion that the zoning ordinance in question in its application to the property of the plaintiff-appellee, was arbitrary and unreasonable and invalidly zoned. It was further ordered that the Town of Surfside issue a permit which would allow the owner to construct upon the lot a gasoline service station. The property in the case above is unplotted and appears as a remnant between streets. The court there found that the property as zoned possessed little value. The property in the instant case is a full block subdivided into five lots. There is evidence that the property as zoned has a value of $60,000 to $80,000. Thus, the appellant's reliance upon the Normandy Beach case, supra, is not well taken because of the distinguishing characteristics of the size and value of the property as zoned.
The appellants adduced testimony of a local zoning expert, real estate brokers and an architect to the effect that the location of the property, set-back requirements, height limitations and off-street parking requirements had the effect of precluding the economically feasible use of the property after applying appellant's estimate of the value of the land which is between $200,000 and $225,000; and that the most economically feasible use of the land is a gasoline service station.
The appellee-municipality adduced testimony of appraisers, a city planner, the Chamber of Commerce, civic association representatives, adjacent property owners, real estate brokers and an architect who testified that the property could be used beneficially under the existing permitted uses, that use of the subject property as a gasoline service station would disrupt the master plan of zoning, would lead to zoning erosion, would constitute spot zoning and depreciate the surrounding and adjacent properties.
The appellants had the burden of demonstrating that the zoning ordinance, as applied to their property, by the appellee-municipality, was unreasonable and arbitrary.[3] The appellants were required to show that the application of the zoning ordinance has the effect of completely depriving them of the beneficial use of their property by precluding all uses or the only use to which it is reasonably adapted, or that the ordinance has invaded their personal or property right unnecessarily or unreasonably in violation of the Federal or Florida Constitution.[4]
The appellants have not met the extraordinary burden with which they were charged. The record reveals that the zoning ordinances in question as applied to the subject property do cause a reduction in the value of said property. However, this of itself, is not enough to render the ordinances confiscatory.[5]
There is ample evidence to sustain the purpose for which the property is zoned; although the appellants have adduced testimony to contradict this.
We conclude that these facts demonstrate that the issues presented by the application for rezoning are fairly debatable. When an ordinance may be said to be fairly debatable, the court should not substitute its judgment for that of the municipal authorities.[6]
*710 For the reasons stated we find that the chancellor was correct in determining that § 18-22, supra, as applied to appellant's property was a valid exercise of legislative discretion; for the same reasons we hold that the chancellor erred in determining that § 18.36(b) (1), supra, was invalid as applied to said property and must be reversed.
Accordingly, the decree appealed from is affirmed in part and reversed in part.
Affirmed in part, reversed in part.
NOTES
[1] Town of Bay Harbor Islands v. Burk, Fla.App. 1959, 114 So.2d 225.
[2] Fla. 1952, 57 So.2d 844.
[3] Town of Surfside v. Skyline Terrace Corp., Fla.App. 1960, 120 So.2d 20.
[4] Town of Bay Harbor Islands v. Burk, supra note 1; Forde v. City of Miami Beach, 146 Fla.676, 1 So.2d 642 (1941).
[5] Waring v. Peterson, Fla.App. 1962, 137 So.2d 268.
[6] City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148; Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108.