CHARLES CARROLL, Chief Judge.
This is an appeal by the City of North Miami from an adverse judgment in mandamus granting a peremptory writ requiring the issuance of a building permit.
It was alleged the relator Mary Jane Newsome is the owner and lessor of a described business lot, located on the northeast corner of Northwest 119th Street and 11th Avenue in the City of North Miami, and that the relator Farm Stores of Central Dade County, Inc. is the lessee thereof; and that an application of the latter for a building permit for the erection of a business building thereon was denied by the city. Attached to the petition were certain plans showing a proposed building twelve feet in height and approximately thirty-four feet in length by twelve feet in width, with a flat roof extending outward from the building approximately fourteen feet on each side to operate as shelters to driveways beside the building. By those dimensions the floor area of the building was to be approximately four hundred square feet. The roof area would be approximately one thousand three hundred and fifty square feet.
It was alleged the proposed building was designed and intended for a business use authorized for the area by the zoning ordinance; that it was in compliance with the building code; and that the permit was refused without legal or constitutional basis. Relators charged that the respondent city was under a legal duty to permit the construction.
In response to the alternative writ of mandamus the city averred the basis for rejection of the relator’s application for the building permit was that the building as proposed did not comply with subsections (h) and (n) of section 29-40 of the Code of Ordinances of the City of North Miami which required, as to business buildings in that area, that “all main buildings or structures must have a minimum floor area of two thousand, five hundred (2,500) square feet,” and that “all facades or false fronts of or to buildings shall be at least fifteen (15) feet in height.” Upon the hearing there were presented copies of pertinent provisions of the ordinance and of minutes of the Board of Adjustment and of the City Council, which substantiated the above mentioned averment of the city’s response.
The trial court granted judgment for the relators and ordered the issuance of a peremptory writ of mandamus commanding the respondent to issue the building permit. In the judgment the trial court stated:
“The Court is well acquainted with maximum and minimum sizes for dwelling structures and maximum heights for *636 commercial buildings, but knows of no authority for minimum heights or sizes of structures in business districts. From the uses permitted in the said business district of said code (2-A commercial), the aforesaid subsection (h), on the face thereof, has no relationship to public health, safety, morals or welfare, has no relationship to lot area, is not necessary and is unreasonable, arbitrary, discriminatory, invalid and unconstitutional.”
We have considered the contentions presented on behalf of the appellant in light of the record and briefs and find them to be without merit. The holding of the trial court, as quoted above, was not in error.
Zoning requirements specifying minimum height for business buildings have uniformly been held invalid, as arbitrary, unreasonable and having no relation to public health, safety, or welfare. See 122 Main Street Corporation v. City of Brockton, 323 Mass. 646, 84 N.E.2d 13; 58 Am.Jur., Zoning § 49; Annot. 8 A.L.R.2d 963, 978-980; 1 Metzenbaum, Law of Zoning, Ch. 7-e, p. 277; 1 Yokley, Zoning Law and Practice, § 17-6.
Regarding the city’s zoning regulation requiring a minimum floor area of twenty five hundred square feet for business buildings, we hold the trial judge was not in error in declaring that provision of the zoning ordinance to be invalid. Although minimum floor area provisions with reference to dwellings in residential areas have generally been held to be valid as a proper exercise of police power (see Annot. 96 A.L.R.2d 1410), neither the briefs of the parties nor our independent search has revealed any decisions upholding such a zoning regulation with reference to business buildings.
The one decision which has come to our attention dealing with that question is a New Jersey case, Ridgeview Co. v. Board of Adjustment of Florham Park, 57 N.J. Super. 142, 154 A.2d 23, in which a zoning provision fixing a minimum floor area for stores was held to be clearly unreasonable, arbitrary and not designed to further the objectives of the zoning ordinance. Without holding or implying that validity would be conferred on such a regulation if imposed in relation to lot size, in the instant case we note, as did the trial judge, that the requirement for a minimum floor area of twenty five hundred square feet for business buildings was provided for in this zoning ordinance without any relation or regard to lot size or area. Compare City of West Palm Beach v. State ex rel. Duffey, 158 Fla. 863, 30 So.2d 491, 492, wherein the Supreme Court of Florida affirmed a judgment in mandamus commanding the city to issue a building permit which the city had refused to issue for noncompliance with a zoning ordinance provision which there was held to be invalid, viz: “* * * [Ejvery new building or structure must substantially equal that of the adjacent buildings or structures in said subdivision in appearance, square foot area and height.”
Accordingly, the judgment appealed from is affirmed.