299 So.2d 11 (1974)
John Frank THOMAS, Jr., Petitioner,
v.
CITY OF WEST PALM BEACH, Florida, Respondent.
No. 44659.
Supreme Court of Florida.
July 24, 1974.
Rehearing Denied October 18, 1974.
*12 Larry Klein, Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, and Warwick, Paul & Campbell, Palm Beach, for petitioner.
James L. Watt, City Atty., for respondent.
ERVIN, Justice.
We have for review by certiorari a decision of the Fourth District Court of Appeal, reported at 283 So.2d 109, allegedly conflicting with City of West Palm Beach v. State (1947), 158 Fla. 863, 30 So.2d 491, and Mahon v. County of Sarasota (Fla. 1965), 177 So.2d 665. The issue presented for our consideration is whether city ordinances which delegate to a building official the discretion to determine if a dwelling is "unfit or unsafe" for human habitation or if the cost of repair exceeds fifty per cent of the cost of the dwelling after repair are valid, constitutional exercises of Respondent's police power. The salient facts of this cause are as follows.
Petitioner brought an action for declaratory judgment against Respondent seeking to have declared unconstitutional Art. II, Ch. 27, West Palm Beach City Code (Housing Code), under which Respondent had condemned and ordered demolished Petitioner's dwellings used as rental property. Petitioner alleged in the trial court numerous grounds for his constitutional attack, none of which except the unlawful delegation of Respondent's police power are reserved for our review. The trial court found the ordinances to be valid and enforceable and an exercise of Respondent's police power based upon a rational relationship to the health, safety, morals and general welfare of the citizenry. In denying injunctive relief, the trial court further found that the cost of repairing Petitioner's dwellings would exceed fifty per cent of their value after repair and that Respondent had the right of demolition under the ordinance. The District Court affirmed per curiam, finding no reversible error. Our initial examination of the petition and the record suggested possible jurisdictional conflict and we issued the writ.
The subject ordinances read in pertinent part as follows:
"Article II. Substandard Housing.
"Sec. 27-19. Unfit or unsafe dwellings or structures.
"When a dwelling or other structure or any portion thereof, including accessory building, intended for human habitation is found unfit for human habitation or may imperil the health, safety, welfare and morals of the occupants thereof or of the surrounding areas, upon inspection by the building official, he shall require the repair, closing, demolition or removal thereof. The term unfit or unsafe dwelling or structure or portion thereof, including accessory building, shall include dwellings or structures or portions thereof, including accessory buildings, structurally unsafe, unstable, unsanitary, inadequately provided with exit facilities, constituting a fire hazard, unsuitable or improper for the use or occupancy to which they are put, constituting a hazard to health or safety because of inadequate maintenance, dilapidation, obsolescence or abandonment, *13 dangerous to life or property or otherwise in violation of the Housing Code, as well as the Building Code (chapter 10), the Electrical Code (chapter 19) and the Plumbing Code (chapter 36). (Ord.No. 983-67, § 1, 2-13-67.)"
"Sec. 27-22. Same  Authority of building official to order demolition, removal, etc., of unfit structure.
"The building official may order the vacation, demolition or removal of any unfit or unsafe dwelling or structure, including accessory building, as herein defined, or may order the repair, restoration or replacement of any part or parts of any dwelling, including accessory building, in the city when any such part or parts by reason of fire, age, decay, deterioration, structural defects, improper design, unstable foundation, termites, acts of God or other causes shall be dangerous to the occupants thereof, menace to public health, a fire hazard or so unsafe as to endanger life or property or render the use of the public streets dangerous. The cost of repairing, restoring or replacing any such part or parts shall not exceed fifty per cent of the dwelling or structure; i.e., physical structure, after such repair, restoration or replacement. In default of the owner or other parties in interest repairing, restoring or replacing such part or parts of such dwelling or structure, including accessory building, within sixty days or such other reasonable time fixed in such order by virtue of section 27-24, the building official may order the vacation of the premises until compliance."
In his brief and argument before this Court Petitioner would have us find the foregoing ordinances unconstitutional for lack of sufficient guidelines therein to limit the building official in the exercise of his discretion. Petitioner urges essentially that when read alone or together the subject ordinances are vague in their definition of "unfit or unsafe" and unlawfully delegate discretion to the building official without adequate limitation to render them constitutional. We disagree. See generally, 7 McQuillin, Municipal Corporations § 24.561 (3d ed. 1968), also cited by the District Court in support of its decision.
Petitioner first relies on Rowland v. State (1937), 129 Fla. 662, 176 So. 545, in which we declared invalid a portion of the City of Miami Building Code which does not appear in the opinion so we cannot compare its express provisions with the instant ordinances. Nevertheless, therein we said:
"It is sufficient to say that the ordinance purports to authorize the building inspector to examine property and to determine himself whether or not it is safe or unsafe, and thereupon, if he sees proper to do so, to condemn the building and to enforce his orders of condemnation. There is no provision in the ordinance whereby the owner or occupant of the building is given any opportunity to be heard, and there is no provision in the ordinance requiring a determination of the question as to whether or not the building or structure is in such condition to warrant condemnation or in such condition as to be a public nuisance or is a menace to the health or safety to the community by any tribunal, board, or officer except the building inspector. The ordinance attempts to make the building inspector the informant, the judge, the jury, and the executive officer, and provides no means of redress in the event this official should wrongfully evict an owner or tenant either because of bad judgment or bad motives. It purports to give the building inspector the power to declare that a thing is a nuisance, though it is not declared so to be by statute." (176 So. at 546)
The ordinances sub judice need not stand alone but rather must be read, just as they must be applied, together with the other provisions of the City Code. So read, they do not contain the constitutional infirmities noted by this Court in the Rowland case. In Rowland, the ordinance authorized *14 the building inspector to first examine the property and determine whether it was safe or unsafe, and if unsafe to condemn it and to notify the owner or occupant. There were no apparent standards to guide the inspector in the exercise of his discretion and, more importantly, there were no procedures for review of the inspector's decision. Our opinion in Rowland further stated:
"It is true that the ordinance here under consideration provides for notice to be given to the owner or occupant of the building, but, to be valid, it should go further and provide that after notice an opportunity will be given the owner or occupant to be heard and have his rights adjudicated." (176 So. at 547)
As in Rowland, the instant ordinances clearly provide for inspection by the building official and condemnation by him if unfit or unsafe. In addition, however, to providing for written notice and order of condemnation (Sec. 27-20), manner of service (Sec. 27-23), and extension of time for compliance (Sec. 27-24), unlike Rowland the other provisions of the City Code not challenged by Petitioner but nevertheless a part of the record on review, show any interested party who has been aggrieved, except in cases of emergency, may appeal a decision of the building official to the building board of adjustments and appeals (Sec. 27-27); appear before the board in person, by counsel or by agent (Sec. 27-29), and upon exhausting his administrative remedies before the board, appeal to the circuit court (Sec. 27-28). Furthermore, a close reading of Sec. 27-19, one of the subject ordinances, shows it incorporates by reference the minimum standards contained in the City Building Code (Ch. 10), the Electrical Code (Ch. 19), and the Plumbing Code (Ch. 36), which also appear in the record below and further guide and limit the building official in the exercise of his discretion. Thus all relevant portions of the ordinances considered we find no basis for denial of the right to be heard, as in Rowland, or unlawful delegation of discretion, as Petitioner alleges.
Second, Petitioner cites without elaboration City of West Palm Beach v. State, supra, for conflict and as authority for the unconstitutionality of unbridled discretion in the building official. Therein we held void part of an ordinance of the City of West Palm Beach requiring the completed appearance of every new building to be substantially equal to that of adjacent buildings in the subdivision. In striking down the ordinance, we said:
"Zoning is an exercise of police power and ordinarily the exercise of such power in zoning has relation to structural qualities and the use of structures when considered in reference to the protection of health, welfare, safety and morals of the public. When regulations are to be imposed in order to promote health, welfare, safety and morals it is necessary that exactions be fixed in the ordinance with such certainty that they not be left to the whim or caprice of the administrative agency and the ordinance must have some relation to a lawful purpose  to promote health, welfare, safety and morals...." (30 So.2d at 492)
We can find no conflict with the instant case or support for Petitioner's contention.
Third, Petitioner cites our opinion in Mahon v. County of Sarasota, supra, for the arguments advanced above. In Mahon we held vague, indefinite, uncertain, arbitrary and subject to capricious whim a county lot clearing act providing in substance for elimination, upon complaint and as nuisances, of accumulations of trash and heavy growths of vegetation constituting a fire or traffic hazard by the county at the owner's expense if the owner failed to do so. We said:
"[W]e must conclude that the statute in question is unconstitutional `in that it fails to sufficiently fix the standards to be applied and in effect delegates the application *15 of the statute without sufficient limitations on the discretion of the [administrative body] ...'" (177 So.2d at 665)
As discussed previously we find the subject ordinances contain sufficient standards to be applied and limitations on the discretion of the building official, and we perceive no direct conflict herewith sufficient to invoke our jurisdiction.
We note that in Harrell's Candy Kitchen v. Sarasota-Manatee Airport Authority (Fla. 1959), 111 So.2d 439, an action to enjoin the erection of a superstructure as a hazard to an airport runway, we upheld the airport's zoning regulations, saying:
"Zoning regulations duly enacted pursuant to lawful authority are presumptively valid and the burden is upon him who attacks such regulation to carry the extraordinary burden of both alleging and proving that it is unreasonable and bears no substantial relation to the public health, safety, morals or general welfare. Courts will not substitute their judgment as to the reasonableness of a particular rule or regulation where such has been duly adopted pursuant to lawful authority when such reasonableness is fairly debatable... ." (111 So.2d at 443, 444)
Petitioner has not questioned the lawful enactment of the instant ordinances, and we must therefore presume them validly enacted. Moreover, we do not think Petitioner has satisfied the burden of overcoming the presumption of their validity. We add that viewed in the most favorable light to Petitioner we find the ordinances fairly debatable, which under the rationale of Harrell's Candy Kitchen requires our approval thereof. See Lester v. City of St. Petersburg (Fla.App. 1966), 183 So.2d 589.
Accordingly, careful consideration of the petition, record, briefs and argument of counsel having dispelled the conflict of decisions thought to vest our jurisdiction, the writ heretofore issued is discharged as improvidently issued.
It is so ordered.
ADKINS, C.J., and BOYD, DEKLE, McCAIN and OVERTON, JJ., concur.
ROBERTS, J., dissents.