882 So.2d 495 (2004)
Martin DRAGOMIRECKY, Appellant,
v.
TOWN OF PONCE INLET, Florida, Appellee.
No. 5D04-591.
District Court of Appeal of Florida, Fifth District.
September 17, 2004.
*496 Patrick T. Canan of Canan Law, St. Augustine, and Deborah J. Andrews, Ponte Vedra Beach, for Appellant.
Theodore R. Doran, Michael G. Dyer, and Audrie M. Harris of Doran, Wolfe, Rost & Ansay, Daytona Beach, for Appellee.
PER CURIAM.
Martin Dragomirecky appeals a non-final order denying his motion for injunction and alternative motion to stay the demolition of a house he has been constructing in Ponce Inlet, Florida, over a period of approximately five years.
The Town of Ponce Inlet issued a stop work order on July 11, 2002, alleging that Dragomirecky failed to construct the house in accordance with applicable building codes thereby rendering the new construction unsafe. The stop work order was followed by a notice that the building was unsafe and an order to vacate and demolish on November 27, 2002. The demolition order was based upon a code violation report that identified approximately 151 violations of building codes including, inter alia, use of inadequate weight-bearing structural components, improper installation of electric, plumbing and ventilation systems and significant structural deviation from the approved building design. Apparently, Dragomirecky decided to add a third story to the construction that deviated from the original plans.
Dragomirecky appealed to the Board of Adjustments and Appeals of the Unsafe Abatement Code, ("Board"), a specialized review board composed of five professionals *497 trained in the areas of civil engineering, architectural and general contracting. The Board held eight evidentiary hearings and concluded that the house must be vacated and demolished.
Next, Dragomirecky unsuccessfully petitioned the circuit court for a writ of certiorari to review the Board's final order and also requested a preliminary injunction and a stay to prevent the Town of Ponce Inlet from demolishing his house.
A preliminary injunction is an extraordinary remedy which should be granted only if the party seeking the injunction establishes the following criteria: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) consideration of the public interest. E.g., Yardley v. Albu, 826 So.2d 467, 470 (Fla. 5th DCA 2002). A trial court's denial of a preliminary injunction comes to the appellate court with a presumption of correctness, and is reversible only upon a showing of a clear abuse of discretion. E.g., Rollins, Inc. v. Parker, 755 So.2d 839 (Fla. 5th DCA 2000); Mercer v. Raine, 443 So.2d 944 (Fla.1983). Where the potential injury to the public outweighs an individual's right to relief, the injunction will be denied. E.g., City of Ormond Beach v. City of Daytona Beach, 794 So.2d 660 (Fla. 5th DCA 2001); Hall v. City of Orlando, 555 So.2d 963 (Fla. 5th DCA 1990).
Dragomirecky insists that he established the criteria required by Yardley. We disagree. His assertion that if the house is demolished irreparable harm will result because all evidence of his alleged compliance with building codes will be lost is unpersuasive in view of the eight evidentiary hearings held before the Board that are replete with exhibits, photographs and expert testimony. It is true that he will be financially harmed if demolition occurs, but the law permits such harm when it results from a valid exercise of police power. See, e.g., Thomas v. City of West Palm Beach, 299 So.2d 11 (Fla.1974) (holding that an ordinance which delegated to building official discretion to demolish a dwelling unfit or unsafe for human habitation was a valid and constitutional exercise of city's police power where the reasonableness and relationship of the ordinance to the public health, safety and welfare was fairly debatable). Regulations duly enacted pursuant to lawful authority that relate to the public health, safety, morals or general welfare are presumptively valid. E.g., Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee, 111 So.2d 439, 443, 444 (Fla.1959). Courts should not substitute their judgment as to the reasonableness of a regulation when such reasonableness is fairly debatable.
Finally, a substantial likelihood of success on the merits has not been demonstrated. The Board found that substantial competent evidence was presented to demonstrate that Dragomirecky's efforts at building his house over a period of five years resulted in a building that was unsafe, dangerous to human life and in violation of unchallenged code regulations.
The trial court's order denying the injunction and stay did not depart from the essential requirements of law and does not constitute an abuse of discretion. We therefore affirm the denials.
AFFIRMED.
SAWAYA, C.J., SHARP, W., and PETERSON, JJ., concur.