181 So.2d 556 (1965)
DADE COUNTY, Florida, a political entity of the State of Florida, Ted Grose and Gladys Grose, Malcolm L. Kneale and Jane A. Kneale, Appellants,
v.
Max EPSTEIN, Appellee.
No. 64-1039.
District Court of Appeal of Florida. Third District.
December 21, 1965.
Rehearing Denied January 25, 1966.
*557 Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., Kneale, Roberts, Kneale & Starkweather, for appellants.
William W. Charles, Watson & Watson, Miami, for appellee.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
CARROLL, Judge.
This appeal is by Dade County and certain intervenors from a judgment of the circuit court in certiorari, which quashed an order of the county commission denying a requested zoning change.
The appellee sought an amendment to the county's zoning ordinance by district boundary change, to liberalize the zoning of a tract of land located at 8701 Southwest 77th Street in Dade County from RU-1 (one-family residential) and RU-2 (two-family residential) to BU-1 (neighborhood business). The application was modified to except the westerly 125 feet. Five previous applications for the change had been denied.
The application came on for hearing be fore the zoning board of appeals, and evidence was presented. The board adopted a resolution in favor of granting the application, and which recommended it for approval by the board of county commissioners. The basis of the ruling and recommendation of the zoning board of appeals was stated in its resolution as follows: "Whereas, upon due and proper consideration having been given to the matter, it is the opinion of this Board that the district boundary change on the modified basis would be compatible with the neighborhood and area concerned and would not be in conflict with the principles and interest of the plan for the development of Dade County, Florida." The matter then proceeded to hearing before the board of county commissioners on the record made before the zoning board of appeals, whereupon the county commission rejected the recommendation of the zoning board of appeals and denied the requested zoning change. Thereafter, as stated above, the commission's decision was quashed by the circuit court, and this appeal followed.
The appellants contend first that the circuit court proceeded on an incorrect theory that the county commission was bound *558 by the resolution and recommendation of the zoning board of appeals favoring the change, and second, that the circuit court judgment quashing the county commission's order denying the requested change in zoning was erroneous because the decision of the county commission was supported by competent substantial evidence, and the matter was fairly debatable.
The circuit court's order reveals the court proceeded on the assumption that the county commission was without authority to deny the application when the zoning board of appeals had ruled otherwise based on competent substantial evidence. In proceeding on that basis the court was in error. The resolution adopted by the zoning board of appeals recited that the application was for a "district boundary change." Section 33-311 of the code of Metropolitan Dade County in subparagraph (a) provides that the zoning board of appeals may hear applications for district boundary changes on individual pieces of property or on a neighborhood or areawide basis, "and make its recommendation thereon." Section 33-312 of the code, relating to decisions of the zoning appeals board, provides that appeals may be taken to the board of county commissioners (under the procedure set out in § 33-313 of the code) from decisions of the zoning appeals board "save and except a decision pertaining to a regulatory amendment or a district boundary change." As to the latter, § 33-312 further provides:
"It is hereby intended that the zoning appeals board's decision concerning a district boundary change or a requested regulation amendment shall be considered only as a recommendation, which shall be transmitted, together with the zoning appeals board's record on each such application, to the board of county commissioners for final action by way of approval, disapproval or modification pursuant to section 33-314 hereof."
Thus under express provision of the code the decision of the zoning board of appeals, on the application for the district boundary change, constituted a recommendation to the board of county commissioners which it was empowered to approve or disapprove, as a final action thereon.
Regarding appellant's second contention, the appellee argues that the fairly debatable rule was not applicable, and that the evidence established the applicant's right to the change of zoning. The appellants argue, and we agree, that this application for liberalizing change of the county zoning ordinance presented a matter within the fairly debatable rule. That rule has been held to apply on an application for a zoning change as well as in initial zoning determinations. See City of Miami Beach v. Lachman, Fla. 1954, 71 So.2d 148, 152; Town of Surfside v. Abelson, Fla. App. 1958, 106 So.2d 108.
In the record before the board of county commissioners there was competent substantial evidence which would have served as support for a ruling of the county commissioners granting the application, had the commission so ruled, but also there was competent substantial evidence in the record before the board of county commissioners to give adequate support to its denial of the application. No useful purpose would be served by extending the length of this opinion to recite in detail the evidence which was presented.
Because the matter was one which was fairly debatable, and was within the province and jurisdiction of the county commission to determine, and because the latter's decision rejecting the application had adequate evidentiary support, we hold it was error to quash the decision of the county commission, and accordingly the judgment appealed from is reversed.
Reversed.