200 So.2d 624 (1967)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Irving J. KANTER and Leo Karples, Appellees.
No. 66-771.
District Court of Appeal of Florida. Third District.
June 20, 1967.
Rehearing Denied July 19, 1967.
*625 Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellant.
Talianoff, Waller & Brown, Miami Beach, Patton & Kanner and Clyde Trammell, Jr., Miami, for appellees.
Before HENDRY, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
Dade County appeals a judgment of the circuit court in certiorari, which quashed an order of the County Commission denying a requested zoning change.[1] The appellee sought an amendment to the County Zoning Ordinance by district boundary change to liberalize the zoning of the north 100 feet of a tract of land located on the southwest corner of the intersection of 95th Street and N.W. 12th Avenue in Dade County.
The trial judge has fully set out the factual basis for the decision in his final judgment:
"1. The respondent by special permit had previously authorized the use of the subject property as a restaurant and pharmacy (drugstore). The petitioners have been unable to obtain a tenant for that portion of the premises previously designated as a drugstore for such purpose, but have been able to obtain a prospective tenant for the purpose of operating a retail package foodstore. In December of 1965 the petitioners sought approval of the Dade County Zoning Appeals Board for a district boundary change to authorize the use of that portion of the subject property previously designated `drugstore' for the operation of a retail package foodstore. Section 33-237 of the Metropolitan Dade County Code, which incorporates `drugstore' in the uses therein provided likewise includes among the uses in this category a package foodstore such as that which the petitioners sought approval of before the respondent. The Dade County Zoning Appeals Board, after appropriate hearing, recommended approval of the requested district boundary change by its formal Resolution No. 3-ZAB-39-66, dated February 7, 1966, and among other things, found in said resolution that the use of the subject premises for a package foodstore would be compatible with the neighborhood and area concerned in which the subject property is located. The Board of County Commissioners of Dade County on March 17, 1966, passed a Resolution No. Z-37-66, denying the requested district boundary change as recommended by the Dade County Zoning Appeals Board."
In Dade County v. Epstein, Fla.App. 1965, 181 So.2d 556, we considered a similar appeal. *626 The governing principle of law was set forth as follows:
"* * * the appellee argues that the fairly debatable rule was not applicable, and that the evidence established the applicant's right to the change of zoning. The appellants argue, and we agree, that this application for liberalizing change of the county zoning ordinance presented a matter within the fairly debatable rule. That rule has been held to apply on an application for a zoning change as well as in initial zoning determinations. See City of Miami Beach v. Lachman, Fla. 1954, 71 So.2d 148, 152; Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108."
The fairly debatable rule appears to be particularly applicable here because, as pointed out in Dade County v. Epstein, supra, under the Metro Code provisions relating to applications for district boundary changes, the action of the Zoning Board on such an application is not a decision appealable to the Commission, but is only a recommendation. The code then provides that upon consideration thereof the Commission shall take final action "by way of approval, disapproval or modification." Metropolitan Dade County Code, §§ 33-311 and 33-312.
The practical effect of the trial court's judgment granting certiorari and quashing the order of the County Commission was to hold that the legislative body had no discretion in the matter of the district boundary change. This conclusion appears to be based upon the zoning history of the tract in that (1) the County had previously allowed a "special use permit" (2) the appellee has been unable to find a tenant for the special use (a drugstore). The record shows that the special permit was issued in 1960 and authorized a "professional building (medical clinic), pharmacy and restaurant."[2] Pursuant to the special permit, the appellees applied for and obtained a permit to construct the pharmacy and restaurant. During the progress of construction they changed the front of the building from that type suitable for a pharmacy to a fold-back or open front suitable for a grocery store. The support for the claimed inability to use the special permit for a pharmacy consisted of the statement of appellee's agent that they had been unable to find a tenant. No particulars were given in the record.
Under the prevailing law and these facts, we think that the trial judge misconceived the office of the writ of certiorari in the review of a denial of district zoning changes. The burden is upon the petitioner to show from the record before the trial court that the application for rezoning raised a matter which was not a fairly debatable issue before the legislative authority. See Blank v. Town of Lake Clarke Shores, Fla.App. 1964, 161 So.2d 683. Appellee did not sustain this burden; therefore, the trial judge erroneously quashed the resolution of the County Commissioners.
Reversed.
NOTES
[1] The question as to the propriety of a petition for certiorari was not raised in the Circuit Court or on appeal. But see Sun Ray Homes, Inc. v. County of Dade, Fla.App. 1964, 166 So.2d 827; Dade County v. Markoe, Fla.App. 1964, 164 So.2d 881.
[2] The special permit procedure was authorized by Chapter 28508, Laws of Florida 1953. This procedure has been abolished in Dade County.