217 So.2d 315 (1968)
CITY OF ST. PETERSBURG, Florida, a Municipal Corporation, Petitioner,
v.
Dean AIKIN and Martha Aikin, His Wife, and William F. Galvin and Kathleen Galvin, His Wife, Respondents.
No. 37430.
Supreme Court of Florida.
October 30, 1968.
Rehearing Denied December 9, 1968.
B. Edwin Johnson, St. Petersburg, for petitioner.
Adrian S. Bacon, of Bacon, Hanley & Piper, St. Petersburg, for respondents.
Kiernan & Reams and Harold J. Soehl, St. Petersburg, for amicus curiae Town of North Redington Beach, Florida.
*316 DREW, Justice.
The petitioner City in this case controverts a decision declaring certain zoning ordinances invalid and directing it "to permit and allow plaintiffs * * * to construct on [said] lands a gasoline filling station and a * * * shopping outlet * * substantially in accord with those shown on the plans and sketches introduced in this cause by plaintiffs."[1] The opinion further states that the burden and "obligation is upon the zoning authority to prove the reasonableness and necessity of a zoning classification"[2] when assaulted, and certiorari has been granted on the ground of conflict with the statement on that point in Metropolitan Dade County v. Kanter[3] that "the burden is upon the petitioner [property owner] to show that the application for rezoning raised a matter which was not a fairly debatable issue before the legislative authority."
We conclude that the opinion last above cited correctly states the procedural point, and that the opinion of this Court in Burritt v. Harris[4] has been erroneously construed as creating "an innovation in the zoning law of Florida."[5] Other recent cases recognize no such departure, and continue to apply the well established body of law in this field.[6]
The Burritt decision, following a recitation of evidence proffered by the parties, was simply that the zoning restriction "exceeds the bounds of necessity for the public welfare" and was therefore arbitrary and invalid. The finding in that case that the owner had "sustained the burden of proving his property was unsuitable" for its restricted use was not intended *317 to restrict his burden to such proof. Nor did the reference to respondent's failure to demonstrate debatability constitute an affirmative statement that the ultimate burden on the issue rested on the zoning authority. To the extent that any alteration of the law in this respect may be implied, the opinion should stand corrected. The final conclusion in Burritt, in any event, fully accords with the earlier cases.
The trial court in the present case, by a decree set out at length and adopted as the opinion of the appellate court, has in our opinion misconstrued the legal effect of the evidence and its own findings of fact: "The Court has already determined and found that in its present zoning classification plaintiffs' land has a value ranging between forty thousand and fifty-eight thousand dollars. * * *" The determination that "plaintiffs' desired use of the land would not be an unreasonable use" is in our opinion irrelevant, as is the reference to the question of whether "the use sought is consistent and compatible with the health, safety, morals and welfare of the general public." The recited evidence, confirmed by our study of the record,[7] clearly shows that the plaintiffs in this case failed in proof of the primary point in issue, i.e. that the existing ordinance was confiscatory in effect.
We also find, from a detailed consideration of the evidence and findings so amply stated in the opinion below, that the question of public interests served by the ordinance remains fairly debatable. Our conclusion, therefore, in the light of the applicable principles to which we adhere, is that the judgment of affirmance should be reversed with directions that the order of the trial court be vacated and a decree entered for defendants on authority of this opinion.
It is so ordered.
CALDWELL, C.J., and THOMAS, THORNAL and HOPPING, JJ., concur.
NOTES
[1] Fla.App., 208 So.2d 268, 273. Disposition of the cause in this Court on other grounds does not require consideration of the obvious error in directing rezoning to a particular use, rather than remanding to zoning authorities for redetermination of proper classification. Quattrocchi v. MacVicar, Fla. 1955, 82 So.2d 873, 874; City of Punta Gorda v. Morningstar, Fla. App. 1959, 110 So.2d 449, 454.
[2] Ibid. pp. 270 and 272.
[3] Fla.App.3rd 1967, 200 So.2d 624, 626.
[4] Fla. 1965, 172 So.2d 820.
[5] Lawley v. Town of Golfview, Fla.App. 2nd 1965, 174 So.2d 767, 770.
[6] Smith v. City of Miami Beach, Fla.App. 1968, 213 So.2d 281, 284:

"`We will determine the reasonableness of the regulations as applied to the factual situation meanwhile keeping before us the accepted rules that the court will not substitute its judgment for that of the city council; that the ordinance is presumed valid (State [ex rel. Taylor] v. City of Jacksonville, supra [101 Fla. 1241, 133 So. 114]) and that the legislative intent will be sustained if "fairly debatable". Village of Euchild [Ohio] v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016 * * *'
Also see: City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442, wherein the court again commented on a dividing line between districts, as follows:
"`* * * * *
"`* * * It is trite to observe that in zoning a city into various use districts there must be a dividing line somewhere. The selection of such a line involves the exercise of the legislative power and is a problem peculiarly within the power of the legislative body of a municipality. It involves a high degree of legislative discretion and an acute knowledge of existing conditions and circumstances. If the fairly debatable rule is a sound one, and we have so held, there is no situation in the field of zoning in which it is more applicable than that involving the decision of where the dividing line between use districts should be placed. Recognizing the fundamental premise that there must be a line somewhere, the courts should be highly respectful of the decision of the legislative body which, under the law, is vested with the power and charged with the duty of zoning. The courts should tread lightly in this field and then only where the actions of the City Council are so unreasonable and unjustified as to amount to confiscation of property.'"
See also John G. Lane Line, Inc. v. City of Jacksonville, Fla.App. 1967, 196 So.2d 16.
[7] Maximum value estimated by plaintiffs' witnesses, for uses prohibited by the present classification, was upon the most favorable view not more than one hundred thousand dollars.