RAWLS, Judge.
In this case involving the constitutionality of a zoning ordinance as applied to Appellee-Imler’s property, the City of Jacksonville appeals from a final judgment rendered in favor of the appellee.
The sole question involved on this appeal was stated by the trial judge at the outset of the trial of this cause as:
“ * * * the only issue left is whether or not the rezoning of this property was arbitrary, capricious, and unreasonable.”
In April 1968 plaintiff, Imler, purchased for $65,000 three parcels of land on the southeast corner of University Boulevard and Merrill Road in Duval County, Florida, which was at that time zoned Institutional. University Boulevard is a six-laned arterial road that runs north and south, and Merrill Road is a four-laned heavily traveled street that runs east and west. The Institutional zoning is applicable to the general property owned by Jacksonville University located on the west side of University Boulevard for a distance of approximately three blocks and to a strip of land on the east side of University Boulevard which is about one lot in depth and three blocks long. The property involved in this litigation is located on the east side of University Boulevard across the street from a portion of Jacksonville University. The subject property and other property located in the strip on the east side of University Boule *527 vard are zoned Institutional to form a buffer strip for the University. Permissible uses for Institutional zoning are: University, cultural institutions, hospitals, research facilities, museums and libraries. Public uses include: Churches, schools, municipal or county recreation buildings, single and multiple family dwelling houses, apartments, dormitories, hotels, motels, office buildings, professional offices, banks, savings and loan associations, restaurants (no drive-in facilities and no food or beverages allowed to be served or consumed under a canopy), and computer centers.
In support of his complaint that the zoning on his property is arbitrary and void, appellee presented evidence that within two blocks to the east on Merrill Road the neighborhood is business and that University Boulevard to the north and south of the three-block area occupied by Jacksonville University is saturated with businesses on property zoned Business A-l. The materiality of a Business A-l classification for Imler’s property is that it permits a variety of businesses other than those outlined within the Institutional zoning, including service stations. Imler testified that Humble Oil Company has offered him $150,000 for this corner located on two arterial highways if it can be rezoned to Business A-l which would permit the use of same as a service station. He further testified that in his opinion the property was worth approximately $25,000 within the present zoning classification. An expert, testifying on Imler’s behalf, stated that the property was worth approximately $45,000 unless the zoning was changed and that it would be more valuable zoned as Business A-l since it would have more uses. The evidence adduced by Imler failed to show in what respect the existing Institutional zoning had no bearing upon public health, morals, safety or welfare. The City’s primary expert, in responding to the Court’s questioning, testified that the Institutional zoning is compatible to the uses of the area and the primary reason for not zoning this particular area Business A-l rather than Institutional was in an effort to avoid automobile-oriented businesses where they are adjacent to Residential or Institutional zones; that “Institutional zoning, in fact, all of your higher zoning tries to protect those uses within those zones from other uses which would cause noise, traffic congestion, delivery problems, a variety of things that simply would not go with the uses in the original zone. And, in turn becomes part of the public welfare.” The City’s expert was then asked that if the traffic and noise had greatly increased, would not the purpose for zoning the area Institutional be negated? He answered that it was the “traffic on marginal friction” (the entering into and leaving moving traffic) that affects the area.
The real question is: Does the evidence show that there is a fairly debatable issue as to whether the present zoning is reasonably related to public health, morals, safety or welfare? We conclude that the issue was fairly debatable and the trial court erred in entering its final judgment enjoining the defendant from enforcing against plaintiff’s land any zoning regulation more restrictive than classification Business A-l. The trial court observed in its final judgment that the area has changed since the original zoning in that now University Boulevard is a six-laned arterial highway and properties to the south and to the north of the subject property on University Boulevard and to the east on Merrill Road have changed to Business A-l, all to the highest, best and most suitable use, as the price of progress has destroyed the original character; and that the preservation of the existing character of the area, i. e., Institutional and Residence C would not be adversely affected by classifying the plaintiff’s land as Business A-l. This finding, standing alone, would be adequate for the appropriate zoning authority to change the existing classification. However, as observed by the court in its final judgment, such is not within the province of the court. The finding of the court “that continuance of the Institutional classification of that *528 land bears no substantial and reasonable relationship to public health, morals, safety or welfare to justify interference, by the exercise of police power, with the plaintiff’s right to the enjoyment of his property and that its application has the effect of depriving the plaintiff of the highest, best and most suitable use to which the land is reasonably adapted, and the classification is therefore unreasonable, arbitrary and confiscatory” must be founded upon competent and substantial evidence. The evidence as disclosed by this record reflects an Institutional zone covering approximately one lot in width and three blocks in length on the east side of University Boulevard, and the remainder of these blocks is zoned Residential. To hold that this Institutional area which permits compatible business uses of the property to be void and arbitrary would, in our opinion, constitute a substitution by the judiciary of its judgment as to the proper zoning classification. The evidence does not substantiate a finding that the subject matter is not fairly debatable.
The trial court relied primarily upon Forde v. City of Miami Beach, and Burritt v. Harris.[1] The facts in Burritt v. Harris [2] are outlined in detail in a dissent by the author of this opinion wherein it was noted that the zoning authority admitted at the outset that the property there was unsuitable for the zoning classification assigned and further observed a statement of law applicable to the instant cause in Waring v. Peterson,[3] wherein Judge Kanner stated:
“Because of the common effect on properties coming under the general plan of the zoning ordinance, reduction in values shared by most or all the owners in a locality is not enough, of itself, to render the ordinance confiscatory. On the contrary, if the limitations upon the use of the property are constitutional and applied reasonably and fairly to all, they are valid and the individual hardship and loss must be endured to the end that the greater advantage to the community as a whole is made possible.”
Therefore, the factual background resulting in the Supreme Court’s decision in Burritt v. Harris authored by Mr. Justice Caldwell is clearly distinguishable from those facts which appear in this record. The unfortunate statement in the Supreme Court’s opinion placing the burden upon the zoning authorities to show that the issue as to zoning was fairly debatable was receded from by that Court in City of St. Petersburg v. Aikin.[4]
The factual matters recited in the Aikin case are analogous to those facts appearing herein. In Aikin the trial judge found that the zoning was unconstitutional. On appeal, the Second District Court of Appeal reached a like decision.[5] The Supreme Court of Florida after examining the record came to the conclusion that the trier of the facts and the appellate court misconstrued the legal effect of the evidence. We are bound by the Supreme Court’s opinion, and it is solely upon the authority of that decision that we are compelled to reverse.
The judgment is reversed with directions to enter judgment for appellant, City of Jacksonville.
JOHNSON, C. J., and SPECTOR, J., concur.

. Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642 (1941), and Burritt v. Harris, 172 So.2d 820 (Fla.1965).

. Burritt v. Harris, 166 So.2d 168 (Fla. App. 1st 1964).

. Waring v. Peterson, 137 So.2d 268 (Fla. App.2d 1962).

. City of St. Petersburg v. Aikin, 217 So. 2d 315 (Fla.1968).

. City of St. Petersburg v. Aikin, 208 So. 2d 268 (Fla.App.2d 1968).