PER CURIAM.
The appellants, Mr. and Mrs. Solomon, own a five acre tract near U. S. 1 on S. W. 170th Street in the Perrine area of southern Metropolitan Dade County. They here seek review of a final judgment denying their petition for a writ of certiorari. Their petition sought to review a change of zoning ordered by the Board of County Commissioners from AU (interim agricultural) to RU-2 (duplexes), instead of from AU to RU-4L (four-story apartments) as they had requested. We affirm the final judgment.
There is business zoning to the east on U. S. 1, duplex zoning on the north, and the remainder of the land immediately surrounding the Solomon property is AU. In AU zoning, homes are permitted but not multiple dwellings.
Appellant-petitioners contend that: the County Commission was not legally empowered to deny the recommendation of the Planning Staff and Zoning Board of Appeals without any evidence before it to sustain their decision;' and that the final judgment was contrary to the law and evidence.
There was competent evidence before the Commission to show that duplex zoning of the property would constitute a buffer between the business zoning of areas near U. S. 1 and the residential type area to the west of the Solomon tract. The appellants have failed to demonstrate that the zoning ordered is not “fairly debatable.” City of St. Petersburg v. Aikin, Fla.1968, 217 So.2d 315, 316. According to Dade County v. Epstein, Fla.App.1966, 181 So.2d 556, involving a district boundary change, the Commission, as the legislative zoning authority, is not required to follow the Planning Department’s and Zoning Appeal Board’s recommendations. This is *887 particularly true here, for the Commission followed the recommendation of the Zoning Department. Code of Metropolitan Dade County, § 33-315. Cf. Hall v. Korth, Fla.App.1971, 244 So.2d 766.
For the reasons stated the judgment is affirmed.
Affirmed.