HENDRY, Judge.
The appellant-respondent Dade County seeks review of the order entered in a proceeding instituted by appellee-petitioner for a writ of certiorari. Appellee sought to review the unanimous action of the Dade County Commission in passing a zoning resolution which refused to grant appellee multiple family zoning with special exceptions for a high rise apartment house. We reverse the circuit court’s quashal of the County Commission’s resolution refusing to permit a change of zoning for high-rise development.
Appellee-petitioner sought a change from single-family estate use to multiple-family zoning with special exceptions for construction of a fifteen story apartment building. Some of the administrative bodies approved the proposal but others disapproved it, and the matter came before the Metropolitan Dade County Commission for final determination. See: Dade County v. Epstein, Fla.App.1966, 181 So.2d 556. From an adverse County Commission resolution, appellee sought and secured a writ of certiorari.
*247 Appellee’s property is on the southwest corner of a block. To the east is N.E. 18th Avenue, on which the property fronts. Also to the east, and just across N.E. 18th Avenue, are single family homes. Northeast 18th Avenue is to be developed into an 80-foot wide roadway. It is presently the boundary between single-family use (on the east) and certain multiple-family use zoning (on the west). In the general area are an eight-story and a seventeen-story building.
To the immediate west of appellee’s property is a country club. Farther to the north is state-owned property associated with an interchange for Interstate Highway 95.
During appellee’s presentation before the county commission, the commission heard part of a tape recording of the commission’s own recording of a 1966 presentation by another property owner in the area. Appellees objected to this procedure. One commissioner stated in very strong terms that the property must retain its single-family zoning. At the instant hearing the public gallery voiced its opinions by catcalls and boos, but the mayor properly censured them and tried to conduct an orderly hearing.
We begin by holding that the fairly debatable rule is applicable to the instant county commission proceedings, and reject appellee’s argument to the contrary. E. g., Dade County v. Epstein, supra. We conclude that the county commission had before it sufficient facts in the form of competent substantial evidence to sustain its determination that single family zoning should be retained. Dade County v. Epstein, supra; Dade County v. Mitchell, Fla.App.1966, 188 So.2d 359; and City of St. Petersburg v. Aiken, Fla.1968, 217 So. 2d 315. These facts may be summarized as follows: the area was residential in character adjoining a country club, and the instant property was surrounded by similar single family zoning (except for the country club).
The circuit court found that the appellees were denied due process of law by the Metropolitan Dade County Commission, for lack of a fair hearing. The court characterized the public hearing as heated and emotional. We have examined in detail the parties’ arguments as to the circuit court’s decision that a fair hearing was not accorded the appellees, thereby denying them due process. The appellant-county has demonstrated that the circuit court erred in holding that there was a lack of a fair hearing. The actions at the commission’s meeting left something to be desired. However, we cannot say that the conduct complained of in this instance amounted to a denial of a fair hearing. The following statements should be applied to the legislative body whose decision was overturned by the lower court:
“It is not amiss to point out, as we have done before, that hearings by administrative boards are not required to be conducted with all the dignity and decorum with which judicial hearings are conducted. Certainly they should be orderly and conducted in a manner to impress the public that an honest effort is being made to get at the truth of the controversy and arrive at a just conclusion, but it is a fact that tongues sometimes get loose and leave lots of immaterial talk in the record. Such talk as appears here is not shown to be harmful.” National Dairy Products Corporation v. Odham, Fla.1959, 121 So.2d 640, 642.
and,
“. we deem it appropriate to point out that charges before boards, such as the state board of dental examiners, need not be stated with the technical nicety or formal exactness required of pleadings in the courts, nor are the proceedings before the board required to conform in every respect to that controlling in strictly judicial proceedings.” [Citations omitted.] State ex rel. Williams v. Whitman, 116 Fla. 196, 156 So. 705, 709, 95 A.L.R. 1416.
*248 There is no need to consider the last point raised by the appellant.
For the reasons stated, and upon the authorities cited, we quash the order appealed and reverse and remand the cause with directions to dismiss the petition.
Reversed and remanded with directions.