296 So.2d 509 (1974)
Nathan C. WALBERG and Bernice Walberg, His Wife, Appellants,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, et al., Appellees.
No. 73-1478.
District Court of Appeal of Florida, Third District.
June 18, 1974.
*510 Kuvin, Klingensmith & Coon and R. Fred Lewis, Coconut Grove, for appellants.
Stuart L. Simon, County Atty., and St. Julien P. Rosemond, Asst. County Atty., Neil Flaxman, So. Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
The appellants, Nathan C. Walberg and Bernice Walberg, his wife, own land adjoining an approximately ninety-acre tract of land in south Dade County. The appellee, South Cutler Bay, Inc., is the owner of the tract which has been zoned for multifamily development since 1970. In 1972, South Cutler began excavating pursuant to a planned development. At that time, the plans for development became a matter of general knowledge. The appellants and others objected to the population density proposed by the development and permitted by the zoning. As a result of the public discussion and objections, the County imposed a building moratorium upon the area. In accordance with the directions of the Board of County Commissioners, the directors of the Dade County Building and Zoning Department and the Dade County Planning Department filed an application to have the tract rezoned to provide for more restrictive zoning and therefore lesser population density. After a public hearing, the Board of County Commissioners declined to change the zoning.
The appellants filed a petition in the circuit court seeking a review of the resolution maintaining the established zoning on the property. The circuit court denied the petition for certiorari and appellants have brought this appeal urging erroneous denial of that petition. We affirm.
The appellants have presented four points on appeal. The first urges error on the denial of their petition upon the ground that one of the Commissioners voluntarily left the session of the Board of County Commissioners during the proceedings and that therefore the resolution later adopted was invalid. Florida Statute § 286.012, F.S.A., specifically provides that members of governmental bodies are required to perform their responsibilities by participating in decisions to be made by such bodies. The cited section of the Florida Statutes does not carry a penalty. For the courts to interpret this section in the manner advocated by the appellants would grant to any member of a governmental body the means of frustrating official action by merely refusing to participate. We therefore hold that appellants' first point does not present reversible error. Cf. Metropolitan Dade County v. Florida Processing Co., Fla. 1970, 229 So.2d 254.
Appellants' second point for reversal urges that the overwhelming weight of the *511 evidence was that the existing zoning was not in the best interest of the public and therefore that it was a departure from the essential requirements of law for the Board of County Commissioners to refuse to rezone the property. The appellees, on the other hand, urge that the matter was one for legislative action because the advisibility of the rezoning is on this record a fairly debatable matter. See Dade County v. Epstein, Fla.App. 1965, 181 So.2d 556; Metropolitan Dade County v. Kanter, Fla. App. 1967, 200 So.2d 624.
Our review of the record convinces us that the County's position is well-taken. It is apparent that zoning which has existed since 1970 arrives before the trial court with some presumption as to its reasonableness. The record reveals that the present zoning was also based upon a study of the area and projected development at that time, and has stood unchallenged. We conclude that it does not so clearly appear from this record that a zoning change should be made to protect the public interest that we can say as a matter of law that the Commissioners have failed to do their duty in refusing to rezone the subject property.
In reply to appellants' second point, the County has relied heavily upon the argument that the landowner had, by his purchase of the property with existing zoning and expenditure of large sums of money in preparation for development of the tract, created a situation where the County was equitably estopped to change the zoning. While we do not base our opinion upon this argument, we concede that in the record it has considerable persuasive force.
Appellants' third point urges that the resolution denying rezoning was invalid because it constituted contract zoning as prohibited in Hartnett v. Austin, Fla. 1956, 93 So.2d 86. See also Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Company, Fla.App. 1959, 108 So.2d 74. The Hartnett case is not similar to the one now before the court inasmuch as it does not appear from this record that a private contract was made by the County with a property owner for a change or perpetuation of zoning. In the present instance, the most that can be said for appellants' position is that the Commissioners may have been influenced by representations made by South Cutler. A rule which would forbid owners from announcing concessions to the public interest in any proceeding before a zoning authority would not be in the best interest of the public. We think that the more reasonable view is that expressed in Housing Authority of City of Melbourne v. Richardson, Fla.App. 1967, 196 So.2d 489, where the court said that a good zoning ordinance may be the product of questionable or poor motives. The court there pointed out that it is not the function of the courts to inquire into the motive of governing bodies but rather to determine whether their actions are unreasonable, discriminatory, confiscatory or unconstitutional. In the present instance, we find no evidence in this record that the Commission failed to consider the public's interest or acted upon the basis of a private contract.
Appellants' last point concerns the service of papers in accordance with Rule 4.1, Florida Appellate Rules, 32 F.S.A. After considering the arguments advanced, we hold that the matter is irrelevant to a decision in the instant appeal inasmuch as the trial court stated that its ruling was one based on the merits of the petition.
The appellee, Dade County, has cross-assigned error upon the denial of its motion to dismiss the petition for certiorari. In view of the holding set forth, it is not necessary to decide this point.
Affirmed.