190

**KEY BISCAYNE PROPERTY TAXPAYERS' ASSOCIATION, Inc. et al v. METROPOLITAN DADE COUNTY, et al.**
No. 78-104-AP.
Circuit Court, Dade County, Appellate Division.
October 4, 1978.

Gary S. Brooks, Miami, for the appellants.

Stuart L. Simon, County Attorney, Stanley B. Price, Assistant County Attorney, and Alan S. Gold, Miami, for the appellees.

HERBERT STETTIN, Circuit Judge.

*Order of reversal:* In November, 1977 the Dade County Commission was ordered by the circuit court of Dade County to rezone Fisher Island to zoning "not more restrictive than medium density — up to an overall density of 11.0 dwelling units per gross resi-

dential acre." The county appealed this order, and, while the appeal was pending, reached an accord with the owner and developer of Fisher Island, resulting in a dismissal of the appeal.

The understanding is embodied in Zoning Resolution Z-33-78, dated February 9, 1978, which rezones Fisher Island to RU-4A, BU-2, Unusual Use and Use Variance classifications. Resolution Z-33-78 states —

It is expressly made subject to

1. the receipt of properly executed and recordable covenants running with the land in the same form as that certain document appended as Exhibit "A" to the Developmental Impact Committee's recommendation dated November 17, 1975, and entitled "Declaration of Restrictive Covenants Governing Development of Fisher Island" consisting of 16 pages which is incorporated herein by reference as if fully set forth herein;

2. the receipt of properly executed and recordable covenants running with the land which include the following provisions:

1. FERRY BOAT TRANSPORTATION

A. A copy of the plans and related documents for the mainland ferry terminal will be submitted to the County for its review and comment.

B. Residents who occupy dwelling units will be charged a fair and proportionate fee for the use of the ferry system during the period in which the Developer controls and owns the ferry boats. This fee will be charged residents from the date the first certificate of occupancy is issued.

2. FIRE PROTECTION FACILITIES

The cash contribution to be made by the Developer to the County which is described in paragraph 10 of the "Declaration of Restrictive Covenants Governing Development of Fisher Island" shall be increased from $275,000 to $342,000; and

3. the development of the subject property pursuant to this resolution shall be basically in accordance with the illustrative plan on file with the Building and Zoning Department entitled "Fisher Island Assoc. Ltd. Environmental Planning and Design" dated October 23, 1975, and with the zoning map, legal descriptions and boundary data on file with the Building and Zoning Department entitled "Legal Descriptions and Boundary Data for Proposed Zoning — Fisher Island" prepared by Cornell Associates, Inc., and dated January 10, 1974, as revised.

The county attorney was directed to take steps to withdraw the appeal pending in the District Court of Appeal, Third District.

The instant appeal from Zoning Resolution Z-33-78 is brought by a group of environmental organizations, a property owners association, and nearby property owners. A question as to their standing to maintain the appeal was resolved upon a determination that there would be no issues raised concerning anything except the legality of the resolution.

The issue on appeal has been narrowed by well written briefs. It is whether the zoning resolution in question is invalid because it is contingent upon performance of an as-yet unexecuted agreemet with the owner and developer.

Appellants rely entirely upon *Hartnett v. Austin,* Fla. 1956, 93 So.2d 86. In that case, a zoning ordinance of the city of Coral Gables which authorized rezoning of a tract of land was held an invalid exercise of municipal police power. The ordinance recited it "is subject to and dependent upon the full and complete observance of the limitations, restrictions and other requirements imposed as hereinafter set forth." It then listed a number of limitations and restrictions on the use of the property which were to be the subject of a contract to be made. The court struck down the ordinance after determining —

> . . . the ordinance by its very terms is made contingent upon the subsequent execution of a contract with private parties and this results in a degree of indefiniteness and uncertainty that destroys the ordinance as a valid municipal enactment . . .
>
> The provisions of a municipal ordinance which conditions its effectiveness upon the necessity for the subsequent execution of a contract with private parties such as was done in the case at bar cannot be held to provide the degree of clarity and certainty that is required of municipal legislation . . .
>
> The above announced rule is particularly applicable to the exercise of the zoning power which is an aspect of police power. While the authority to exercise this power, when delegated by the State, is generally recognized, nevertheless, the restriction on property rights must be declared as a rule of law in the ordinance and not left to the uncertainty of proof by extrinsic evidence whether parol or written . . .
>
> A municipality has no authority to enter into a private contract with a property owner for the amendment of a zoning ordinance subject to various covenants and restrictions in a collateral deed or agreement to be executed between the city and the property owner.

Appellants argue the zoning resolution *sub judice* is fatally defective for the same reason; that it is contingent upon performance by the applicant in the future under the terms of an agreement which is indefinite and unilateral.

The county first argues that a zoning agreement based upon negotiated covenants by which a developer voluntarily concedes restrictions on the use of land is not invalid. This is certainly the law; *see Housing Authority of City of Melbourne v. Richardson*, Fla. App. 1967, 196 So. 2nd 489; and *Walberg v. Metropolitan Dade County*, Fla. App. 1974, 296 So. 2nd 509, but it is not the issue presented here. Even conceding the rule set forth above, the appellants correctly point out that the zoning resolution is not a binding concession or undertaking by the owner and developer of Fisher Island under *Hartnett*, supra.

The county next argues the undertaking is sufficiently clear to bind the owner and developer, hence the resolution is not fatally uncertain. The resolution says it is made subject to covenants running with the land "in the same form as" the Declaration of Restrictive Covenants Governing Development of Fisher Island, additional conditions set forth in the resolution, and the plan, map and data on file with the county's Building and Zoning Department.

Black's Law Dictionary, Revised Fourth Edition, defines *same* as not always identical, or not different or other than. "It frequently means of the same kind of species, not the specific thing." *Form* is likewise defined in that dictionary as —

A model or skeleton of an instrument to be used in a judicial proceeding, containing the principal necessary matters, the proper technical terms or phases, and whatever else is necessary to make it formally correct, arranged in proper and methodical order, and capable of being adapted to the circumstances of the specific case.

Thus, "in the same form as" is not the same as identical to or exactly like. It leaves room for disagreement or further negotiation as to specifics, particularly where, as here, none of the agreements or undertakings are signed by the owner and developer, and for aught that appears of record the owner or developer may sell their interest in Fisher Island before becoming bound to the proposed agreement.

Under the limiting facts as presented in this appeal, Zoning Resolution Z-33-78 is an attempt to modify the existing zoning on conditions extrinsic to the ordinance itself. As such it is invalid and is stricken and held of no force and effect.

This opinion is not to be construed as prohibiting any subsequent binding agreement reached between the owner and developer and the county as a condition to rezoning.

Concurring: Nesbitt, Siegendorf, JJ.