372 So.2d 181 (1979)
The CITY OF SANIBEL, a Florida Municipal Corporation, Appellant,
v.
John R. GOODE, Appellee.
No. 78-1700.
District Court of Appeal of Florida, Second District.
June 15, 1979.
*182 Charles L. Siemon of Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., and Neal D. Bowen, City Atty., Sanibel, for appellant.
William T. Haverfield of Pavese, Shields, Garner, Haverfield, Kluttz & Cottrell, Fort Myers, for appellee.
SCHEB, Judge.
The City of Sanibel attacks the trial court's judgment invalidating the application of the City's zoning ordinance to appellee Goode's property. We reject the attack and affirm the trial court.
In 1974 appellee Goode purchased a .88-acre lot on Periwinkle Way, the main thoroughfare on Sanibel Island. At the time Goode purchased his property the area was unincorporated and the land zoned by Lee County for commercial use. Subsequently, in November 1974, Sanibel became an incorporated municipality, and in July 1976 adopted a comprehensive land-use plan. In implementing its comprehensive plan the newly incorporated municipality zoned certain parts of Periwinkle Way as commercial. A substantial segment of Periwinkle Way, including appellee Goode's property, however, was classified as residential.
Goode challenged the zoning change. The trial court found that as applied to Goode's property the City's zoning ordinance was unreasonable, arbitrary, and discriminatory, and therefore void. The court ordered the City to reclassify the land to commercial use.
The City forcefully argues that the trial court failed to accord proper credence to the City's comprehensive plan. The court, however, did afford proper credence by weighing the plan's protection of the public health, safety, and welfare against the harm caused to Goode by the plan's application to his property. Moreover, the plan itself was not being challenged. Rather, the trial court concluded, and we agree, that this case devolves into a question of whether the application of Sanibel's plan to this specific parcel of real estate is arbitrary and unreasonable.
The evidence reveals that Goode's vacant parcel of land is virtually surrounded by commercial establishments. See Stokes v. Jacksonville, 276 So.2d 200 (Fla. 1st DCA 1973); Clearwater v. College Properties, Inc., 239 So.2d 515 (Fla. 2d DCA 1970). For example, immediately to the west of Goode's property is a retail store. A shopping center with boat sales and repairs, a service station with a car wash, a restaurant, retail stores, and a motel are located within 1100 feet to the west of the property. Within 1100 feet to the east are located a fast-foods store, two clothing stores, a bait sales shop, offices, and a service station. There is no scheduled phase out or amortization of these existing nonconforming uses.
An expert in the real estate field, a real estate broker located in Sanibel, testified that there has been no market demand for *183 single family residences along Periwinkle Way in the last four years. See generally, William Murray Builders, Inc. v. Jacksonville, 254 So.2d 364 (Fla. 1st DCA 1971), cert. denied, 261 So.2d 845 (1972). Presumably this is because of heavy traffic on Periwinkle Way, generated by the existing permanent commercial establishments, and the noise and fumes accompanying the traffic. The City's appraiser testified that the property had a residential market value of $26,000 based on his comparison of recent sales of several parcels with similar characteristics. The appraiser conceded, however, that good comparables were difficult, if not impossible, to find. For example, none of the comparables relied upon were on heavily traveled arterial roads such as Periwinkle Way. Indeed, the appraiser could not recall any residential sales on Periwinkle Way in the last several years. Consequently, by limiting Goode's property to residential use, the City has deprived him of the only beneficial use to which his property is suited, i.e., commercial. Stokes v. Jacksonville, 276 So.2d 200 (Fla. 1st DCA 1973). See also, Forde v. Miami Beach, 146 Fla. 676, 1 So.2d 642 (1941); Dugan v. Jacksonville, 343 So.2d 103 (Fla. 1st DCA 1977).
As noted, Goode purchased his property prior to consideration of the City's new zoning plan. And, while diminution in value does not by itself invalidate an otherwise valid zoning ordinance, we cannot ignore the testimony before the court which showed a decrease in value, from $105,000 for Goode's property as commercially zoned, to $17,500 for it as residentially zoned property.
Finally, we reject the City's contention that the trial court erred in directing the City to reclassify the property for commercial use. This was not an instance where a court has directed a city to change the zoning of property to a specific zoning category which we condemned in Town of Long Boat Key v. Kirstein, 352 So.2d 924 (Fla. 2d DCA 1978). Rather, the trial judge merely ordered the City to reclassify the property to commercial use without designating any specific commercial classification.
Affirmed.
BOARDMAN, Acting C.J., and DANAHY, J., concur.