**MUSGROVE et al. v. LEFF and
METROPOLITAN DADE COUNTY**
No. 81-188 AP
Circuit Court, Eleventh Circuit, Appellate Division
August 20, 1982

Sally M. Richardson, Shutts and Bowen, for appellants.

Charles Papy, Papy, Weissenborn & Papy, for appellees Nathan Leff, Samuel Leff and Michael Leff.

Robert A. Ginsburg, County Attorney, Eileen B. Mehta, Asst. County Attorney, for appellee Dade County.

Before SALMON, HENDERSON, and GODERICH.

PER CURIAM.

This is an appeal from a resolution of the Board of County Commissioners which rezoned the Appellees Leffs' property from GU to BU-1A.

On July 11, 1979 the Metropolitan Dade County Board of County Commissioners adopted the Comprehensive Development Master Plan for Metropolitan Dade County. The Plan designated the Leffs' property as a low-medium density residential area, allowing for other non-residential uses to be determined at the neighborhood level.

On April 29, 1981 the Metropolitan Dade County Planning Advisory Board adopted a neighborhood plan, the West Dade-Ranch Area Study, as part of the Comprehensive Plan. The West Dade-Ranch Area Study designated the Leff property as an Office Park District.

On May 7, 1981 the Board of County Commissioners considered rezoning applications for the properties designated Office Park Districts. The Leff property was rezoned as a Limited Business District subject a restrictive covenant that the property be used for no purpose other than as a funeral home. The Board did not articulate its reasons for the

approval of the Leff rezoning, which is alleged to be contrary to both the Comprehensive Plan and the West Dade-Ranch Area Study.

The record also discloses the fact that the Board of County Commissioners granted the rezoning application without first obtaining the written approval of the Director of the Department of Environmental Resources Management and without requiring an executed covenant from the Leffs in favor of Dade County that hazardous materials would not be used, generated, handled, disposed of, discharged or stored on the property as required by the Potable Water Supply Well Protection Ordinance. Section 24-12.1 Dade County Code.

The parties have raised several questions. We find that two of these questions require discussion.

First, we hold that the County Commission must comply absolutely with the Dade Well Protection Ordinance. It is not disputed that the Leff property is within the "cone of influence" and is subject to the ordinance. Section 24-12.1(5) provides:

> Notwithstanding any provision of this Code, no county or municipal officer, agent, employee, or board shall approve or issue any . . . zoning for any non-residential land use, . . . within two hundred and ten (210) days travel time from a public utility potable water supply well without obtaining the prior written approval of the Director of the Department of Environmental Resources Management. The Director shall issue his written approval only after the owner of the property submits to the Director an executed covenant running with the land in favor of Metropolitan Dade County which provides that hazardous materials shall not be used, generated, handled, disposed of, discharged or stored on the property. . . .

We have taken into consideration the appellees' claim of substantial compliance and have found that the argument is without merit. The written recommendations of the Department of Environmental Resources Management was not equivalent to the written approval required by the Code.

We agree with the appellee that Florida follows the "fairly debatable" rule. *City of St. Petersburg v. Aikin,* 217 So.2d 315 (Fla. 1968); *Solomon v. Metropolitan Dade County,* 253 So.2d 886 (3d DCA 1971). However, the briefs do not diclose, nor does an independent investigation of the record reveal, substantial competent evidence upon which the debate could take place. There is no evidence in the record regarding the effect

of the zoning designation upon the public health welfare, safety or morals. Differing opinions are not sufficent to satisfy the fairly debateable rule.

The resolution of the Board of County Commissioners is hereby quashed.